UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kenneth Ray Bates and<br>Natalie Maria Pough,[1]<br><br>   Plaintiffs,<br><br>v.<br><br>Sylvia Tawanda Vandroff, Trina Clarkson,<br>Marolyn D. Vandroff, Kylee Martin,<br>Elizabeth Kinder, Shardice Sharp, and<br>Brenda Robinson<br><br>   Defendants. | Civil Action No.: 4:17-cv-00361-RBH<br><br><br><br><br>**ORDER** |

This matter is before the Court for consideration of Plaintiff Kenneth Ray Bates' ("Plaintiff") objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III.[2] *See* R & R [ECF No. 8]; Pl.'s Objs. [ECF No. 10]. The Magistrate Judge recommends that the Court summarily dismiss Plaintiff's complaint without prejudice and without issuance and service of process. R & R at 8.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept,

---

[1] As the Magistrate Judge explains, Natalie Maria Pough is listed as a plaintiff in the complaint but did not sign it and may not have standing based on the factual allegations therein. *See* Complaint [ECF No. 1] at 1, 3. Moreover, Pough was mailed a copy of the R & R, *see* ECF No. 9, but did not file objections.

[2] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) for the District of South Carolina.

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

Plaintiff, proceeding pro se, has filed this action alleging claims related to the publication and sale of his book *Law of Necessity vs. Criminal Mind of Society* on Amazon.com by Defendants.[3] *See* Complaint [ECF No. 1]. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint for lack of subject matter jurisdiction because (1) no diversity jurisdiction exists under 28 U.S.C. § 1332 and (2) no federal question jurisdiction exists under 28 U.S.C. § 1331. R & R at 4–8.

Plaintiff objects[4] to the Magistrate Judge's conclusion that this Court lacks federal question

---

[3] According to the allegations in the complaint, Plaintiff is a federal prisoner housed at a correctional facility located in West Virginia, and Defendants are employees of various publishing companies that have a mailing address in Mullins, South Carolina. *See* Compl. at 2, 4, 6.

[4] Plaintiff does not specifically object to the Magistrate Judge's proposed findings that (1) Natalie Pough (who is listed as a co-plaintiff) did not sign the complaint and may not have standing based on the factual allegations; (2) there is no basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff has failed to allege an amount-in-controversy exceeding $75,000; and (3) Plaintiff pleads no facts to support claims under 42 U.S.C. §§ 1983, 1985, and 1986. *See* R & R at 2–3, 6. The Court discerns no clear error in these findings. *See generally Diamond*, 416 F.3d at 315–16 (stating that absent specific written objections to the magistrate judge's recommendation, a district court need only review a proposed finding for clear error).

2

jurisdiction over his copyright infringement claim. *See* Pl.'s Objs. at 2–4; R & R at 6–8. The Magistrate Judge makes two proposed findings regarding the copyright infringement claim. First, the Magistrate Judge finds Plaintiff's complaint does not allege ownership of a valid copyright, which is one of two elements necessary to state a claim for copyright infringement. R & R at 7; *see Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."). Second, the Magistrate Judge finds Section 411(a) of the Copyright Act requires that a copyright must be registered before a copyright infringement claim can be filed—while this requirement is not jurisdictional, it is a statutory precondition. R & R at 7; *see* 17 U.S.C. § 411(a) (providing that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made"); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157–58 (2010) (holding § 411(a) is not jurisdictional but is a statutory precondition to filing a copyright infringement suit).

In his objections, Plaintiff references and attaches a "self publishing agreement" that he entered into with ELI Solutions (a publishing company associated with Defendants). *See* Pl.'s Objs. at 3–4; ECF No. 10-1 (agreement). Plaintiff claims he "did in fact pay [Defendants] $565.00 and $35.00 covering services outlined" in the agreement, "which also included [Plaintiff's] copyright and registration obligations with the [L]ibrary of [C]ongress." Pl.'s Objs. at 3. The agreement provides in relevant part that, "The author maintains that he or she is the sole author of work, ***and owner of the copyright and all of the contents of the work*** and has full power to enter into this Agreement[.]" ECF No. 10-1 at 1 (emphasis added). Plaintiff further seeks permission to amend his complaint with these allegations and to "submit documentation showing [Defendants] are in violation of the copyright

3

mandates." Pl.'s Objs. at 4.

Arguably, Plaintiff <u>alleges ownership of a valid copyright by way of his objections</u> and attached self publishing agreement, and therefore he may plausibly state a copyright infringement claim for purposes of federal question jurisdiction. Thus, the Court would usually grant Plaintiff leave to file an amended complaint including this allegation—except that would not entirely cure his pleading defect, as discussed below. *See generally* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 628 (4th Cir. 2015) ("It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a).").

***However***, Plaintiff has not indicated in any filings whether he can satisfy the statutory precondition of 17 U.S.C. § 411(a). *See Muchnick*, 559 U.S. at 157 ("Subject to certain exceptions, the Copyright Act (Act) requires copyright holders to register their works before suing for copyright infringement."). Specifically, Plaintiff has not alleged he has a valid copyright registration or preregistration for his book. His mere assertion that his book is protected by a valid copyright is not equivalent to alleging and proving the existence of a valid copyright registration.[5] *See, e.g.*, *Staggs v. West*, 2010 WL 2670979, at *3 (D. Md. June 25, 2010) ("[Plaintiff's] repeated claim that his sound recording is protected by a valid copyright is not tantamount to alleging and proving the existence of a valid copyright registration."); *see generally Cody Foster & Co. v. Urban Outfitters, Inc.*, 2014 WL

---

[5] To the extent Plaintiff claims Defendants were obligated to register his copyright pursuant to the terms of the self publishing agreement, this claim at best is a <u>breach of contract claim</u>. Defendants' alleged failure to register Plaintiff's copyright is not equivalent to alleging the existence of a valid copyright registration.
 Additionally, Plaintiff cites several exceptions to the registration requirement of § 411(a), none of which are applicable to his case. *See* Pl.'s Objs. at 3 (citing 17 U.S.C. § 106A(a) ("the author of a work of visual art"); 17 U.S.C. § 411(a) (non-U.S. works and cases where copyright "registration has been refused [and] the applicant" has served notice and a copy of the complaint on the Register of Copyrights); and 17 U.S.C. § 411(c) ("a work consisting of sounds, images, or both")).

4

12577100, at *2 (D. Neb. Aug. 11, 2014) (recognizing "ownership of a copyright is not the same as registration"). More importantly, the online records of the United States Copyright Office do **NOT** contain a copyright registered to Plaintiff.[6] Thus, this case would be subject to dismissal based upon Plaintiff's apparent failure to satisfy the statutory precondition of 17 U.S.C. § 411(a). *See generally Glenn v. Vandross*, No. 3:12-cv-00763-CMC-SVH, 2012 WL 1719192, at *2 (D.S.C. Apr. 27, 2012) ("Within the Fourth Circuit, district courts have applied *Muchnick* in analyzing copyright infringement claims relating to unregistered works and, where appropriate, have dismissed such claims." (internal quotation marks omitted)), *adopted by* 2012 WL 1745582 (D.S.C. May 16, 2012).

Out of an abundance of caution, **the Court will give Plaintiff fifteen (15) days from the date of this Order to file an amended complaint that sufficiently alleges and addresses both of the deficiencies described above**. Otherwise, the complaint is subject to being dismissed without prejudice to Plaintiff being able to refile his complaint in state court, since it appears at present that federal court (a court of limited jurisdiction) does not have subject matter jurisdiction over his claims.

**IT IS SO ORDERED.**

Florence, South Carolina  
June 26, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[6] "[C]ourts have taken judicial notice of true and correct copies of the Copyright Office's online record of registration[.]" *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 647 n.5 (E.D. Va. 2015) (collecting cases); *see* Copyright Public Catalog, *available at* http://cocatalog.loc.gov. The Court has reviewed the Public Catalog and has not found a registered copyright for Plaintiff's book.